UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGGETT C. PHELPS CROWDER,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICE OF PERSONEL MANAGEMENT, et al.,<br><br>        Defendants. | Case No. 23-cv-04412-TSH<br><br>**SECOND SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915(E)** |

## I.   INTRODUCTION

On September 5, 2023, the Court granted Plaintiff Briggett Phelps Crowder's application to proceed in forma pauperis and screened her original complaint, finding it deficient under 28 U.S.C. § 1915(e). ECF No. 5. Plaintiff has now filed a First Amended Complaint. ECF No. 7. For the reasons stated below, the Court finds the amended complaint is still deficient. No later than November 9, 2023, Plaintiff must file a second amended complaint curing the deficiencies identified in this screening order. If Plaintiff fails to cure these deficiencies, the case will be reassigned to a Unites States district judge with a recommendation for dismissal.

## II.   BACKGROUND

Although not entirely clear from the original complaint, it appeared that Plaintiff alleged Solano County Superior Court Judge Shauna L. Chastain has prevented her from obtaining benefits to which she is entitled under her husband's (or former husband's) federal employee retirement plan. Plaintiff alleged:

> In Her Attempt to delay stop and terminate my Long awaited Entitlement From a 8yr Back And Forth Dirty Game of A Judge who Forces unsuspecting Family Law Patrons to go spend money at here Failed Law Firm Listed Under Her name as well as white collar crime UCC Filing and and 2 million dollar dept that she has overlooked Every disability or request For My Accomadations For persons with

> dissabilities she has Let Her Broke In dept COVID cut Backs to use Miranda BarBer Her Employee three Mattice Law Firm to Inform and Help my opposing side guilty of much defrauding Forgery and Using my college grads For Huge Retro checks issued to the BeneFiciaries of the Account of Wesley Crowder He Became 100 percent during our 8yr Marriage and add another 8 yrs In court as I Been raped stabbed attacked at shelters Every horrible sexual Predator I Been more than Violated And Delayed Judge Chastain Sent a secret note to the Court Ordered Benefits Manager Timothy Townsend this note said not to Honor Court Order due to her needing to know Huw much I would Receive to offset her ordering Wesley In 2021 to pay me 200 00 a month until my Annuity payments Begin that secret note was Read to me By a distraunt supervisor Holding a Order But also Sent a note By a officer of Justice not to pay me going against court order.

Compl. at 4-5, ECF No. 1. Plaintiff named several defendants, including Judge Chastain and the Solano County Superior Court, the Office of Personnel Management, Department of Veterans Affairs, Oliver Roberts, and Brian K. Taylor. She alleged she is "owed a Annuity and Medical." *Id.* at 7.

In its initial screening order, the Court noted several issues with Plaintiff's complaint. First, it found Plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8, as it did not provide sufficient factual allegations to state a claim to relief that is plausible on its face. Plaintiff did not state any causes of action, and she listed at least six defendants without setting forth a short and plain statement showing how each defendant is liable based on her allegations. To comply with Rule 8's pleading requirement, the Court directed Plaintiff to amend her complaint to allege: (1) the specific laws or rights she thinks the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing; and (3) how she was harmed.

The Court also noted potential jurisdictional and immunity issues. To the extent Plaintiff sought to challenge any judgment entered in state court proceedings, the Court noted it would lack subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which bars federal district courts from hearing appeals or de facto appeals from state-court judgments. To the extent Plaintiff sought to bring claims against Judge Chastain, the Court advised Plaintiff that any such claims were likely barred by judicial immunity if she sought to challenge Judge Chastain's rulings in a case that was proceeding before her.

Plaintiff filed her amended complaint on October 5, 2023. Plaintiff states: "Let me Be

1  clear It not one change Im asking you to make to Existing Court Order FFL 13580 It is Jesus

2  Christ name Im Begging For You to Make them honor It." ECF No. 7. at 4.

### III.  SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.  Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

As Plaintiff is proceeding without representation by a lawyer, the Court must construe the complaint liberally. *See Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984). However, it may not add to the factual allegations in the complaint. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

**B.      Application**

Plaintiff's complaint still does not comply with Rule 8, which requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *Id.*

Plaintiff's complaint consists of 14 handwritten pages without any structure. She still does not state any causes of action, and it is not even clear who she seeks to name as a defendant. Blanket allegations that all defendants assisted the others to perform all alleged violations are not sufficiently specific to place the defendants on notice of the allegations against them. A plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (simplified). As currently plead, a putative defendant would not know where to begin in responding. Thus, to comply with Rule 8's pleading requirement, Plaintiff must file an amended complaint that includes the following:

> **Parties**
> In separate paragraphs for each party, identify the defendant(s) in the case.
>
> **Claims**
> Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying (a) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing; and (3) how you were harmed.

To the extent Plaintiff still seeks to name any state court judges as defendants, the Court reminds her that any such claims would likely be barred by judicial immunity. The Supreme Court has long held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (internal quotation omitted). "[T]he scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority;

4

1 rather, he will be subject to liability only when he has acted in the clear absence of all
2 jurisdiction." *Id.* at 356-57 (internal quotation omitted); *Mireles v. Waco*, 502 U.S. 9, 11 (1991)
3 ("[J]udicial immunity is not overcome by allegations of bad faith or malice[.]").  Thus, even
4 allegations of a conspiracy between a judge and a party "do[] not pierce the immunity extended to
5 judges . . . .  As long as the judge's ultimate acts are judicial actions taken within the court's
6 subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.
7 1986).

## IV.   CONCLUSION

For the reasons above, the Court finds Plaintiff's amended complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  However, given Plaintiff's pro se status, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant another opportunity to amend.  Accordingly, the Court **ORDERS** Plaintiff to file a second amended complaint by November 9, 2023.

### A.    REQUIREMENTS FOR AMENDED COMPLAINT

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued.  In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (23-cv-04412-TSH), the title ("SECOND AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case.  A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants

are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in your case in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

B.   **RESOURCES**

Plaintiff is again advised of the resources offered at the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: October 12, 2023

THOMAS S. HIXSON
United States Magistrate Judge